**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

CRUTCHFIELD DERMATOLOGY, P.A. AND
CHARLES E. CRUTCHFIELD III, MD,

   PLAINTIFFS,

V.

ANAZOAHEALTH CORPORATION; ANNICA
KARKKAINEN JOURDAINE, D/B/A
"AMERICAN SOCIETY OF NONSURGICAL
AESTHETICS," "AMERICAN SOCIETY OF
LIPODISSOLVE, LLC," "AMERICAN
SOCIETY OF AESTHETIC LIPODISSOLVE,
LLC," "ASNA," "ASAL," AND "ASNA-
ASAL, LLC"; AND AMERICAN SOCIETY OF
AESTHETIC LIPODISSOLVE, LLC, D/B/A
"AMERICAN SOCIETY OF NONSURGICAL
AESTHETICS," "AMERICAN SOCIETY OF
LIPODISSOLVE," "ASNA," "ASAL," AND
"ASNA-ASAL, LLC,"

   DEFENDANTS.

CIVIL NO. 10-167 (DSD/TNL)

**REPORT & RECOMMENDATION**

---

  Gerald E. Helget and Michael M. Lafeber, **BRIGGS & MORGAN, PA**, 80 South 8th Street, Suite 2200, Minneapolis, MN 55402 for Plaintiffs.

  This matter is before the Court, Magistrate Judge Tony N. Leung, following this Court's Order, dated March 29, 2011. Docket No. 15. Based upon the record, **IT IS HEREBY RECOMMENDED** that Plaintiffs' claims against Annica Karkkainen

1

Jourdaine, d/b/a "American Society of Nonsurgical Aesthetics," "American Society of Lipodissolve, LLC," "American Society of Aesthetic Lipodissolve, LLC," "ASNA," "ASAL," and "ASNA-ASAL, LLC"; and American Society of Aesthetic Lipodissolve, LLC, d/b/a "American Society of Nonsurgical Aesthetics," "American Society of Lipodissolve," "ASNA," "ASAL," and "ASNA-ASAL, LLC" be **DISMISSED WITHOUT PREJUDICE**.

The procedural posture of this case is set forth in the Order of this Court, dated March 29, 2011. Docket No. 15. The procedural posture can be summarized as follows: Plaintiffs Crutchfield Dermatology, P.A. and Charles E. Crutchfield III, MD, filed their Complaint on January 20, 2010. *See* Docket No. 1. Since that time Plaintiffs have endeavored to perfect service on putative defendants Annica Karkkainen Jourdaine and her business entities, and American Society of Aesthetic Lipodissolve, LLC, and its business entities (putative defendants). Between January 2010 and March 2011, Plaintiffs were granted numerous continuances for the purpose of perfecting service on the putative defendants. On March 29, 2011, this Court ordered that for "any Defendant . . . for whom proof of service is not filed by April 30, 2011, Plaintiffs must show cause why their claims should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b)." Docket No. 15. To date, no proof of service has been filed for the putative defendants and Plaintiffs have made no show of cause. In a letter to this Court, dated May 2, 2011, Plaintiffs' counsel wrote, in part, as follows:

> Plaintiffs have elected not to incur any additional costs attempting to effect service on Defendant Annica Karkkainen Jourdaine and/or her various alleged business entities. . . .

> . . . .
>
> In light of their decision not to incur additional costs chasing Defendant Annica Karkkainen Jourdaine at this time, Plaintiffs have no objection to a dismissal of Defendant Jourdine without prejudice.

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Although the rule authorizes dismissal on motion of defendant, it is a cardinal principle of law that the court may dismiss on its own motion, for Rule 41(b) expressly recognizes and incorporates the inherent power of courts to dismiss actions for lack of diligence in bringing them to trial." *Janousek v. French*, 287 F.2d 616, 620-21 (8th Cir. 1961).

In the present case, Plaintiffs have had almost 16 months to perfect service upon the putative defendants. Plaintiffs were ordered to file proof of service on or before April 30, 2011. To date, Plaintiffs have failed to perfect service and have failed to comply with this Court's March 29, 2011 Order. Therefore, this Court recommends that Plaintiffs' claims against putative defendants be dismissed.

Based upon the record, **IT IS HEREBY RECOMMENDED** that Plaintiffs' claims against Annica Karkkainen Jourdaine, d/b/a "American Society of Nonsurgical Aesthetics," "American Society of Lipodissolve, LLC," "American Society of Aesthetic Lipodissolve, LLC," "ASNA," "ASAL," and "ASNA-ASAL, LLC"; and American Society of Aesthetic Lipodissolve, LLC, d/b/a "American Society of Nonsurgical

Aesthetics," "American Society of Lipodissolve," "ASNA," "ASAL," and "ASNA-ASAL, LLC" be **DISMISSED WITHOUT PREJUDICE**.


Dated:      May 11, 2011      

                                             s/ *Tony N. Leung*      
                                       Magistrate Judge Tony N. Leung  
                                       United States District Court


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before   May 26, 2011   .

4